IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVUT KILINC, | ) |
|         Plaintiff, | ) |
| | ) |
|         v | )   2:10-cv-1311 |
| | ) |
| TRACFONE WIRELESS INC | ) |
| *Delaware Company* and **AARON WEISS**, | ) |
|         Defendants. | ) |
| | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is DEFENDANT AARON WEISS' MOTION TO DISMISS WITH PREJUDICE (Document No. 5). Defendant has filed a Memorandum of Law in support of the motion (Document No. 6). The pro se Plaintiff in this case, Davut Kilinc, has filed "Plaintiff Davut Kilinc's Rejection to Motion to Dismiss With Prejudice of Defendant Aaron Weiss" (Document No. 10), as well as several exhibits. Defendant's motion is ripe for disposition.

Factual and Procedural Background

Plaintiff describes himself as a "Turkish businessman" and explains that he is unfamiliar with the laws of the United States. The document which has been construed as a civil Complaint is styled in the form of a letter from Mr. Kilinc, "for and on behalf of Anadisk LLC." In the Complaint, Mr. Kilinc alleges that he was arrested by police officers on "9/27/201"[1] and placed in jail for five days. Plaintiff alleges that he was subsequently detained by immigration authorities for 45 days, until his release on bond. It is unclear from the Complaint how these allegations are connected to either of the two named Defendants. The Court gleans from

---

[1] The Court assumes that Kilinc intended to refer to "9/27/2010."

1

Kilinc's response to the pending motion that he accuses Defendants of having engineered his detention.

Kilinc alleges that while he was in jail, the "Company" (presumably, Defendant Tracfone Wireless, Inc.) ("Tracfone") initiated legal proceedings which alleged that Kilinc and Anadisk LLC were selling and cloning Tracfone products, "flashing," and changing its trademarks. Kilinc avers that his bank accounts have been frozen, that there was a writ of garnishment, that the Company tried to get his properties, and that the Company charged him $12,375,000 in claims. Kilinc denies the Company's allegations of wrongdoing. Plaintiff summarizes: "They destroyed My life and business" and he seeks $100,000,000 in compensation from Tracfone and its lawyer, Aaron Weiss. Attached to the Complaint are what appear to be portions of various filings in the case of Tracfone Wireless, Inc. v. Anadisk LLC and Davut Kilinc, Case No. 09-23670-Civ-King, in the United States District Court for the Southern District of Florida. The Court takes judicial notice that on February 18, 2010 Senior United States District Judge James Lawrence King entered a 26-page Final Judgment and Permanent Injunction in favor of Tracfone and against Anadisk, LLC and Kilinc.

The exhibits submitted by Kilinc (Document No. 9) provide additional explanation of his arrest, his discovery that his accounts had been frozen, and the physical injuries he allegedly suffered as a result, which include kidney, urination problems, memory loss, and "very big, bad affect on my brain, eyes, teeth, left side of chest." The only attached medical record reflects that Kilinc suffered a hernia. The exhibits also reflect that Kilinc filed for bankruptcy under Chapter 7 (Case No. 10-27907) on November 5, 2010.

Plaintiff's response to the motion to dismiss (Document No. 10) denies that Anadisk LLC sold, unlocked, reflashed or trafficked in Tracfone's products and accuses Defendants of "fake evidence." Plaintiff further accuses Defendants of having caused his detention by immigration

authorities. Apparently, Kilinc's theory is that after he is deported, Defendants will seize his assets. Finally, attached as an exhibit is a letter which purports to be from two employees of Anadisk, LLC, Doris Roak and Patricia Roak. In essence, the Roaks aver that they have lost their jobs and are facing serious economic consequences, which they attribute to Defendants. The Roaks seek "compensation for me and for my family and kid $1,000,000 from above company and lawyer who makes lots of money with such fake evidences."

Defendant Weiss has filed Notice that a Miscellaneous case (Case No. 10-mc-177) is pending between these parties in this judicial district before Senior District Judge Donetta W. Ambrose.[2] In that Miscellaneous Action, Tracfone sought to compel Kilinc to appear at a deposition. On July 6, 2010, Judge Ambrose entered an Order which held Kilinc in contempt of Court and issued a warrant for his arrest and detention until Kilinc agreed to testify at his deposition. On August 26, 2010, Judge Ambrose entered an Order which vacated her July 6 order, and noted that Kilinc had purged himself of contempt by completing his deposition. The Order of Court also reflects that Kilinc was released to a detainer filed by Immigration Customs Enforcement.

Legal Analysis

The pending motion argues, pursuant to Fed. R. Civ. P. 12(b)(5), that the Complaint has not been properly served. Defendants also contend, pursuant to Fed. R. Civ. P. 12(b)(6), that the Complaint should be dismissed with prejudice because it fails to state a cognizable claim and is patently frivolous. The Court will address both of these arguments.

As a preliminary matter, Kilinc is only permitted to assert claims on his own behalf. Anadisk, LLC is apparently a corporation. Therefore, it cannot proceed as a pro se litigant. *See*

---

[2] In this judicial district, a Civil case is not ordinarily marked "related" or transferred to the judge that presided over an earlier-filed Miscellaneous case.

*Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). Moreover, only an attorney may represent the interests of a corporation in a federal court. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991). Nor may Kilinc, a non-attorney, represent the interests of Doris Roak and Patricia Roak or assert claims on their behalf. Kilinc is the only proper Plaintiff in this case, and to the extent that he is attempting to assert claims on behalf of Anadisk, LLC, Doris Roak and Patricia Roak, such claims are **DISMISSED WITH PREJUDICE**.

A. Improper Service

Defendant Weiss is an associate at a law firm in Florida and has served as an attorney on behalf of Defendant Tracfone. Weiss has submitted an Affidavit (Exhibit E) in which he avers that he received one document in this case via certified mail at his work address. Defense counsel represents that Tracfone has not been served at all, and therefore has not responded to the Complaint. Weiss contends that service has been improper because: (1) the method of mail service did not require a receipt signed by him; and (2) he did not receive two separate documents which constituted the Summons and Complaint.

If the validity of service is challenged, the party claiming valid service (in this case, Kilinc) bears the burden of proof. *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476 (3d Cir. 1993) (citing 4A Charles A. Wright and Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1083 (1987)). Although Fed. R. Civ. P. 4 is to be construed liberally, the Plaintiff must demonstrate that the legal requirements set forth in the Rule have been fulfilled.

The Court agrees with Defendant. Kilinc has not filed a "proof of service" and has not met his burden to prove that proper service has been effectuated upon either Defendant. There are at least two flaws with service, based on the record now before the Court. First, pursuant to Fed. R. Civ. P. 4(c), a "summons **and** complaint" must be served, while only one document was

mailed to Weiss.  Second, the manner in which Kilinc attempted to execute service of original process by certified mail was not effective.  Federal Rule of Civil Procedure 4(e) authorizes service in accordance with Pennsylvania law, and Pa. R. Civ. P. 403, in turn, generally permits "service by mail."  However, the Pennsylvania Rule requires "a receipt signed by the defendant or his authorized agent."  Plaintiff has not submitted proof of a receipt signed by Defendant or an authorized agent.

Accordingly, the Complaint is subject to dismissal for improper service of process.

B.  Failure to State a Valid Claim

Defendant Weiss also contends that the Complaint fails to state a valid claim upon which relief can be granted.  A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint.  The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff.  However, as the Supreme Court made clear in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007), the "factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  The Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss."  *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (emphasis added).  A district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim.  First, the Court must separate the factual and legal elements of the claim.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions."  *Id*. at 210-211.  Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'  In other words, a complaint must do

5

more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* at 211 (citing *Iqbal,* 129 S. Ct. at 1949). The determination of "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211 (quoting *Iqbal,* 129 S. Ct. at 1950).

Defendant argues that the Complaint has the following flaws: (1) it fails to properly plead any claims, but instead is styled as a disjointed letter; (2) Plaintiff allegedly admits that this case does not name the right parties in relation to the conditions of Kilinc's detention, as evidenced by a November 2, 2010 email from attorney Francis Boyer (Exhibit D); (3) the Court may take judicial notice of Judge Ambrose's Order which released Kilinc to a detainer filed by the Immigration Customs Enforcement; (4) this is not the proper court in which to challenge the garnishment proceedings in Florida; and (5) claims against an opposing party's lawyer are not cognizable.

The Court need not address each of these arguments. It is true that the "Complaint" in this case does not plead any specific claims, and is in the form of a disjointed letter. In recognition of Plaintiff's pro se status, the Court has overlooked these stylistic deficiencies. Moreover, it would be improper to consider attorney Boyer's email at this stage of the case. Nevertheless, even reading the "Complaint" in the light most favorable to Kilinc, it is abundantly clear that he has not, and cannot, assert plausible claims against Defendants.

As the Court understands the Complaint, Kilinc is attempting to assert a "wrongful use of civil proceedings" claim against Defendants. In essence, Kilinc contends that Tracfone and attorney Weiss improperly used legal proceedings to garnish his wages and freeze his assets, which led to Kilinc's arrest and confinement, loss of income, and personal injuries. Under Pennsylvania law, the elements of this claim are codified at 42 Pa.C.S. §§ 8351-8354 (the "Dragonetti Act"). In order to recover under this statute for the wrongful use of civil

proceedings, three essential elements must be proved: (1) that the underlying proceedings terminated favorably to Kilinc; (2) that the defendant caused those proceedings to be instituted without probable cause; and (3) that defendants acted with malice. *Shaffer v. Stewart*, 473 A.2d 1017, 1020 (1984). Kilinc cannot establish the first element. The Court takes judicial notice that Kilinc did not prevail in the Florida garnishment action, as Judge King ruled in favor of Tracfone. Nor did Kilinc prevail in the matter presided over by Judge Ambrose of this Court. To the contrary, Kilinc was found to be in contempt of Court and was detained until he complied with his duty to attend a deposition. In summary, the Complaint fails to state a valid claim and is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

C. Leave to Amend

Defendant contends that the Complaint should be dismissed with prejudice, without leave to amend. If a complaint is subject to Rule 12(b)(6) dismissal, a district court must ordinarily permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *Accord Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.*

The Court concludes that leave to amend the Complaint in this case would be inequitable and futile. It is readily apparent that Plaintiff does not have a plausible claim against either Defendant under the facts and circumstances set forth in the documents he has submitted to the Court to date. In particular, Kilinc's theory that Defendants improperly used the legal process is directly contradicted by the court orders which demonstrate that Defendants prevailed in those matters. Any attempt to amend the complaint would be futile and would subject the Defendants and the Court to unnecessary and unwarranted time, effort and expense.

7

In accordance with the foregoing, DEFENDANT AARON WEISS' MOTION TO DISMISS WITH PREJUDICE (Document No. 5) will be **GRANTED** and the Complaint will be dismissed with prejudice, without leave to amend.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVUT KILINC,** | ) |
|       **Plaintiff,** | ) |
| | ) |
|       v | )  **2:10-cv-1311** |
| | ) |
| **TRACFONE WIRELESS INC** | ) |
| *Delaware Company* and **AARON WEISS,** | ) |
|       **Defendants.** | ) |
| | ) |
| | ) |

## ORDER OF COURT

AND NOW, this 27th day of December, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that DEFENDANT AARON WEISS' MOTION TO DISMISS WITH PREJUDICE (Document No. 5) is GRANTED. The Complaint is DISMISSED WITH PREJUDICE, without leave to amend. The clerk shall docket this case closed.

                                                BY THE COURT:

                                                s/Terrence F. McVerry
                                                United States District Judge

cc:    **DAVUT KILINC**
         7720 St. Lawrence Ave.
         Pittsburgh, PA 15218
         (Via Certified Mail with Return Receipt and Regular U.S. Mail, postage prepaid)

         **Adam P. Schwartz, Esquire**
         Email: ASCHWARTZ@CARLTONFIELDS.COM
         (Via CM/ECF)